IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
APR 2 0 2016
BY DEPUTY_____

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CRIMINAL NO. 6:16CR 24 |
| § | JUDGE MHS/KNM |
| TREVORRIS RASHOMIQUE WOODARD (01) § | |
| a/k/a "B-1" § | |
| CHARLES HORDAVIS MCNEARY (02) § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with intent to distribute cocaine base)

On or about January 14, 2016, in Longview, Gregg County, within the Eastern District of Texas, **Trevorris Rashomique Woodard, a/k/a "B-1,"** the defendant herein, did knowingly, intentionally, and unlawfully, possess with the intent to distribute a mixture or substance which contains cocaine base, a Schedule II controlled substance,

In violation of Title 21, United States Code, § 841 (a)(1).

## COUNT TWO

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with intent to distribute more than 28 grams of cocaine base)

On or about January 22, 2016, in Longview, Gregg County, within the Eastern District of Texas, **Trevorris Rashomique Woodard, a/k/a "B-1,"** and **Charles Hordavis McNeary**, the defendants herein, did knowingly, intentionally, and unlawfully, possess with the intent to distribute more than 28 grams of a mixture or substance which contains cocaine base, a Schedule II controlled substance,

In violation of Title 21, United States Code, § 841 (a)(1).

## COUNT THREE

> Violation: 18 U.S.C. § 924(c)
> (Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about January 22, 2016, in the Eastern District of Texas, **Trevorris Rashomique Woodard, aka "B-1,"** and **Charles Hordavis McNeary**, the defendants herein, did knowingly and intentionally use, carry, and possess firearms during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, as charged in Count Two of this indictment, in violation of 21 U.S.C. § 841, and in furtherance of said crime possessed:

(1) a Kimber, model Ultra Carry, .45 caliber pistol, bearing serial number KU148718; and
(2) a Ruger, model SR40, .40 caliber pistol, bearing serial number 342-45283,

In violation of Title 18, United States Code § 924(c)(1)(B).

## COUNT FOUR

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about January 22, 2016, in Longview, Gregg County, within the Eastern District of Texas, **Trevorris Rashomique Woodard, a/k/a "B-1,"** the defendant herein, having been convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: (1) Conspiracy to Possess With Intent to Distribute Cocaine Base, a felony, in Case Number 6:11CR00078-002, in the United States District Court for the Eastern District of Texas, on July 30, 2012 and (2) Possession of a Controlled Substance, a felony, in Case Number 35309-B, in the 124th District Court of Gregg County, Texas, on March 30, 2007, did knowingly and unlawfully possess in and affecting commerce, firearms, to wit: a Kimber, model Ultra Carry, .45 caliber pistol, bearing serial number KU148718 and a Ruger, model SR40, .40 caliber pistol, bearing serial number 342-45283,

In violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

## COUNT FIVE

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about February 2, 2016, in Longview, Gregg County, within the Eastern District of Texas, **Trevorris Rashomique Woodard, a/k/a "B-1,"** defendant herein, having been convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: (1) Conspiracy to Possess With Intent to Distribute Cocaine Base, a felony, in Case Number 6:11CR00078-002, in the United States District Court for the Eastern District of Texas, on July 30, 2012 and (2) Possession of a Controlled Substance, a felony, in Case Number 35309-B, in the 124th District Court of Gregg County, Texas, on March 30, 2007, did knowingly and unlawfully possess in and affecting commerce, a firearm, to wit: a Sig Sauer, model P250, 9mm pistol, bearing serial number EAK137582,

In violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violation; and

2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

<u>**Firearms:**</u>

Any and all firearms, ammunition and accessories seized from the defendants, including, but not limited to:

a Sig Sauer, model P250, 9mm pistol, bearing serial number EAK137582.

<u>**Cash Proceeds:**</u>

$10,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
ALLEN H. HURST
Assistant United States Attorney
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)

4/20/16
Date

Indictment – Page 6

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| V. | §  CRIMINAL NO. 6:16CR_____ <br> §  JUDGE_____ |
| TREVORRIS RASHOMIQUE WOODARD (01) <br> a/k/a "B-1" <br> CHARLES HORDAVIS MCNEARY (02) | § § § |

## NOTICE OF PENALTY

### COUNTS 1 and 2

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute cocaine base) |
| Penalty: | Imprisonment for a term of not more than 20 years, a fine not to exceed $1,000,000, or both; and a term of supervised release of at least 3 years in addition to such term of imprisonment. If the person has a prior felony drug conviction, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine not to exceed $2,000,000, or both; and a term of supervised release of at least 6 years in addition to such term of imprisonment. |
| | If the mixture or substance contains 28 grams or more of cocaine base, then imprisonment for a term of not less than 5 years or more than 40 years, a fine not to exceed $5,000,000, or both; and a term of supervised release of at least 4 years in addition to such term of imprisonment. If the person has a prior felony drug conviction, imprisonment for a term of not less than 10 years or more than life, a fine not to exceed $8,000,000, or both; and a term of supervised release of at least 8 years in addition to such term of imprisonment. |
| Special Assessment: | $100.00 |

## COUNT 3

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime) |
| Penalty: | Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both; and a term of supervised release of not more than 5 years in addition to such term of imprisonment.<br><br>In the case of a second or subsequent conviction of this offense, the term of imprisonment shall not be less than 25 years. |
| Special Assessment: | $100.00 |

## COUNTS 4 and 5

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) (Felon in possession of a firearm) |
| Penalty: | Imprisonment for a term of not more than 10 years, a fine not to exceed $250,000, or both; and a term of supervised release of not more than 3 years.<br><br>If a defendant has three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or a serious drug offense, or both, committed on occasions different from one another, said defendant shall be fined not more than $250,000.00 and imprisoned not less than 15 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). |
| Special Assessment: | $100.00 |