IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | CASE NO. 6:16-CR-00024-JCB-KNM |
| vs. | § § § § | |
| **TREVORRIS RASHOMIQUE WOODARD** | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On October 30, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Brandt Thorson.

*Background*

After pleading guilty to the offenses of Possession with Intent to Distribute Cocaine Base (Count 1) and Felon in Possession of a Firearm (Count 5), Class C felonies, Defendant Trevorris Rashomique Woodard was sentenced on January 26, 2017, by United States District Judge Ron Clark. The offenses carried statutory maximum imprisonment terms of 20 years and 10 years, respectively. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. The Court sentenced Defendant to imprisonment for a term of 84 months, consisting of 30 months as to Count 1 and 54 months as to Count 5 to run consecutive, followed by a 3-year term of supervised release as to each count to run concurrently. Defendant's supervised release is subject to the standard conditions of release, plus special conditions to include a special assessment of $200, financial disclosure, and drug abuse treatment and testing.

The case was re-assigned to United States District Judge J. Campbell Barker on September 11, 2019. Defendant completed his term of imprisonment and started his term of supervised release on August 23, 2022.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on August 15, 2023, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that the Longview Police Department issued a warrant for Defendant's arrest on July 26, 2023, for the offense of Aggravated Assault (Discharge Firearm from a Motor Vehicle), a First Degree Felony, in Longview, Gregg County, Texas (Longview Police Department Case #23-9504). It is alleged that Defendant used an AR pistol on July 19, 2023, and conducted a drive-by shooting at the residence of 2107 Victory Street, Longview, Gregg County, Texas.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant tested positive for the use of marijuana on December 15, 2022; February 28, 2023; and May 11, 2023.

3. **Allegation 3 (standard condition 10): The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).** It is alleged that Defendant possessed an AR pistol and .223 cartridges on July 29, 2023.

4. **Allegation 4 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to report to the drug testing vendor for scheduled drug tests on May 9, 2023, and July 27, 2023. It is also alleged that Defendant failed to attend substance abuse treatment on July 8, 2023; July 22, 2023; and August 1, 2023. Finally, it is alleged that Defendant submitted synthetic urine in an attempt to falsify his urine specimen while at the drug testing vendor on May 10, 2023.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were both Class C felonies. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Aggravated Assault (Discharge Firearm from a Motor Vehicle), a First Degree Felony, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 24 to 30 months, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing marijuana, testing positive for marijuana, possessing a firearm and ammunition, failing to report for drug testing, failing to attend substance abuse treatment, and attempting to falsify a urine specimen as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

3

of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On October 30, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 10 months, to run concurrent with the sentence imposed in Criminal Action No. 6:24-cr-120, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana or FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 10 months, to run concurrent with the sentence imposed in Criminal Action No. 6:24-cr-120, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.

It is further recommended that Defendant be sentenced to imprisonment for a term of 10 months, to run concurrent with the sentence imposed in Criminal Action No. 6:24-cr-120, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana or FCI Seagoville.

      Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 10 months, to run concurrent with the sentence imposed in Criminal Action No. 6:24-cr-120, with no further term of supervised release.

So ORDERED and SIGNED this 30th day of October, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE